1 | Andrew M. Hutchison (SBN 298315)
COZEN O'CONNOR
2 | 101 Montgomery St
Suite 1400
3 | San Francisco, CA 94104
Telephone: 415.644.0914
4 | Facsimile: 415.644.0978

5 | Leonard Weintraub
(*admitted Pro Hac Vice*)
6 | PADUANO & WEINTRAUB, LLP
1251 Avenue of the Americas, Ninth Floor
7 | New York, NY 10020
Telephone: 212.785.9100
8 | Facsimile: 212.785.9099

9 | Attorneys for BRETT ROCINE and J.P.
MORGAN SECURITIES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRETT ROCINE and J.P. MORGAN SECURITIES, LLC.<br><br>Defendant. | Case No.: 4:17-cv-4993-PJH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND PARTIALLY VACATE ARBITRATION AWARD**<br><br>[Filed and Served Concurrently With Motion to Dissolve Temporary Restraining Order and Partially Vacate Arbitration Award; Declaration of Leonard Weintraub; and [Proposed] Order]<br><br>Hearing Date: January 10, 2018<br>Time: 9:00 a.m.<br>Court: Courtroom 3<br>1301 Clay St., South Tower<br>Oakland, CA |

Defendants Brett Rocine ("Rocine") and J.P. Morgan Securities LLC ("JPMorgan") (collectively, "Defendants") submit the following memorandum of points and authorities in support of their motion to dissolve the temporary restraining order in this action and to vacate part of the arbitration award issued in the parallel arbitration between Defendants and plaintiff Fidelity Brokerage Services LLC ("Fidelity").

**PRELIMINARY STATEMENT**

On November 8, 2017, the arbitration Panel convened by FINRA Dispute Resolution, Inc. ("FINRA") to hear on an expedited basis Fidelity's request for permanent injunctive relief, issued an Order on Request for Permanent Injunction (the "Arbitration Award"). In the Arbitration Award, the Panel unequivocally denied Fidelity's request for a permanent injunction – the *only* issue presented to the arbitration panel for decision at the expedited arbitration hearing. Nevertheless, the Arbitration Award directed the parties jointly to move this Court for an order extending the temporary restraining order.

Defendants now move to vacate that part of the Arbitration Award that directed the parties jointly to move this Court for an order extending the temporary restraining, pursuant to Section 10(b) of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1, *et seq.*, as exceeding the authority of the arbitrators.

The Arbitration Award (attached as <u>Exhibit B</u> to the Declaration of Leonard Weintraub ("Weintraub Decl.") filed concurrently herewith) unequivocally denied Fidelity's request for a permanent injunction, holding that Fidelity "**failed to meet its burden of proof for an issuance of a permanent injunction. Therefore, Claimant's request for issuance of permanent injunction is denied.**" (Weintraub Decl., Ex. B at Supplement ¶ 10(b)(i)" (Emphasis added).) Nevertheless, the Arbitration Award directed the parties jointly to move this Court for an order extending the temporary restraining order in this action for another 90 days "for the purpose of conducting a hearing by the panel as to any claims for damages for breach of contract made by Claimant against Respondents." *Id.* at Supplement ¶ 10(b)(iii)

After denying Fidelity's request for permanent injunctive relief, the arbitrators exceeded their powers by then essentially continuing the temporary restraining order for 90 days. Because they exceeded their powers, the Arbitration Award should be vacated under the FAA. Similarly, because the Panel unequivocally found that the issuance of a permanent injunction was unwarranted, the Court should dissolve the temporary restraining order in this action.

# STATEMENT OF FACTS

Fidelity commenced this action on August 28, 2017 against Rocine and JPMorgan, seeking interim injunctive relief pending the outcome of the parallel FINRA arbitration between the parties. (Weintraub Decl., ¶ 2.) Rocine has worked in the banking and brokerage industry for 17 years. (Declaration of Brett Rocine, Dkt. No. 24-1, ¶ 3.) He began working for Fidelity as a Financial Consultant in its Larkspur, California office in December 2012. (*Id.*) He announced his intention to resign from Fidelity on July 6, 2017, giving two weeks' notice of the resignation. (*Id.*, ¶ 5.) After Rocine resigned from Fidelity he commenced employment as a Private Client Advisor with JPMorgan in its Mill Valley and Sausalito, California offices. (*Id.*, ¶ 7.)

On September 7, 2017 the Court granted Fidelity's motion for issuance of a temporary restraining order. (Weintraub Decl., ¶ 3.) On October 4, 2017 the temporary restraining order was extended until November 14, 2017, pursuant to a Fidelity's unopposed motion. (*Id.*)

The FINRA expedited arbitration between the parties commenced on September 26, 2017, ***solely*** to address Fidelity's request for a permanent injunction. (*Id.*, ¶ 4.) Two additional days of hearings took place on November 6 and 7, 2017. (*Id.*) The three-person Panel heard live testimony from several witnesses, reviewed documentary evidence, and heard oral argument presented by the parties. (*Id.*) At the FINRA hearing, no evidence was submitted – nor did Fidelity argue – that any of Rocine's former Fidelity clients had transferred their Fidelity accounts to JPMorgan. (*Id.*)

Following conclusion of the three-day arbitration hearing, the Panel issued the Arbitration Award, which expressly denied Fidelity's request for a permanent injunction, holding that Fidelity "had failed to meet its burden of proof for an issuance of a permanent injunction." (Weintraub Decl., ¶¶ 6, 7, Ex. B.) Nevertheless, the Arbitration Award directed the parties jointly to move this Court for an order extending the temporary restraining order in this action for another 90 days. (*Id.*, ¶ 9.) Following issuance of the Arbitration Award, Fidelity moved this Court for a 90-day extension of the temporary restraining order, and that motion was granted. The temporary restraining order was extended for 90 days from November 14, 2017, until February 12, 2018.

///

**ARGUMENT**

Pursuant to Section 10(a)(4) of the FAA, the Arbitration Award should be vacated insofar as it directed the parties to seek an extension of the temporary restraining order. Likewise, the temporary restraining order should be dissolved.

Section 10 of the FAA provides the statutory means by which a court reviewing an arbitration award may grant vacatur. Biller v. Toyota Motor Corp., 668 F.3d 655, 664 (9th Cir. 2012); Steinman v. ZTE Corp., No. CV 11-01578 BRO (SPX) 2015 WL 13546434, at *2 (C.D. Cal. Dec. 11, 2015), aff'd, 692 Fed. Appx. 493 (9th Cir. 2017). Section 10(a) of the FAA provides that a court may vacate an arbitration award:

> (1) Where the award was procured by corruption, fraud, or undue means;
>
> (2) Where there was evidence partiality or corruption in the arbitrators, or either of them;
>
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

Thus, Section 10(a)(4) of the FAA provides for vacatur in a situation where the arbitrators exceeded their powers. Bosack v. Soward, 586 F.3d 1096, 1104 (9th Cir. 2009).

The Arbitration Award should be vacated, in part, pursuant to Section 10(a)(4) of the FAA because the arbitrators exceeded their powers. Following three days of testimony from several witnesses, the presentation of documentary evidence, and oral argument from the parties, the three arbitrators denied Fidelity's request for a permanent injunction, holding that "Fidelity failed to meet its burden of proof for an issuance of permanent injunction." In this situation, the arbitrators manifestly exceeded their powers when they directed the parties to seek an extension of the temporary restraining order.

When applying Section 10(a)(4) of the FAA, a court must determine "whether the arbitrators had the authority to decide as they did. *See, e.g.*, Raymond James Fin. Servs., Inc. v. Fenyk, 780 F.3d

59, 67 (1st Cir. 2015). The arbitration between Fidelity, Rocine, and JPMorgan was governed by Section 13804 of the FINRA Code of Arbitration Procedure for Industry Disputes (the "FINRA Code") (attached as <u>Exhibit A</u> to the Weintraub Decl.). Pursuant to Rule 13804(a)(1), "parties may seek a temporary injunctive order from a court of competent jurisdiction." There is no FINRA rule that permits FINRA arbitrators to issue a temporary restraining order. To the extent that a party wants temporary injunctive relief – defined in the FINRA rules as either a temporary restraining order or a preliminary injunction – it is required to seek such relief from a court pursuant to Rule 13804. FINRA Rule 13804(b)(1) provides that "[if] a court issues a temporary injunctive order, an arbitration hearing on the request for permanent injunctive relief will begin within 15 days of the date the court issues the temporary injunctive order." (Weintraub Decl., Ex. A.) FINRA Rule 13804(b)(5) further provides:

> Effect of Pending Temporary Injunctive Order
>
> Upon a full and fair presentation of the evidence from all relevant parties on the request for permanent injunctive relief, the panel may prohibit the parties from seeking an extension of any court-issued temporary injunctive order remaining in effect, or, if appropriate, order the parties jointly to move to modify or dissolve any such order. In the event that a panel's order conflicts with a pending court order, the panel's order will become effective upon expiration of the pending court order. (Weintraub Decl., Ex. A.)

Thus, the only issue for the arbitrators to decide at the expedited hearing was Fidelity's request for permanent injunctive relief.[1] Here, the Panel expressly denied Fidelity's request for permanent injunctive relief. Accordingly, the arbitrators exceeded their powers by then directing the parties to extend the temporary restraining order.

While federal courts are often reluctant to vacate arbitration awards, they have not hesitated to do so where the arbitrators exceeded their powers by issuing an internally contradictory award. An instructive case is <u>187 Concourse Assocs. v. Fishman</u>, 399 F.3d 524 (2d Cir. 2005). In that case, the Second Circuit affirmed the vacatur of an arbitration award on the ground that the arbitrator exceeded his authority. Specifically, the arbitrator exceeded his authority by ordering the reinstatement of an employee after finding that there was just cause for the employee's termination. *Id*. at 527. The

---

[1] FINRA Rule 13804(c)(1) provides for a bifurcated hearing: after ruling on a party's request for permanent relief, the arbitration panel subsequently may set a damages hearing.

5

remedy ordered by the arbitrator clearly conflicted with his finding concerning just cause.

Similarly, here the arbitrators exceeded their authority by issuing an internally contradictory order. Insofar as the Panel expressly denied Fidelity's request for permanent injunctive relief because it found that Fidelity failed to meet its burden of proof for issuance of a permanent injunction, there was no basis for the Panel to then direct the parties to seek an extension of the temporary restraining order. The portion of the Arbitration Award directing the parties to so proceed should be vacated. Likewise, the temporary restraining order should be dissolved under Rule 65 of the Federal Rules of Civil Procedure, again because the FINRA arbitration Panel expressly determined that Fidelity failed to meet its burden of proof for issuance of a permanent injunction.

## **CONCLUSION**

For all of the reasons set forth above, the Court should grant Defendants' motion and (1) dissolve the temporary restraining order in this action, and (2) vacate that portion of the Arbitration Award in the arbitration between the parties which directed the parties to file a joint motion to extend the Injunction Order.

DATE: December 4, 2017　　　　　　　　　COZEN O'CONNOR

By: s/ *Andrew M. Hutchison*
　　Andrew M. Hutchison
　　Attorneys for Defendants
　　Brett Rocine and J.P. Morgan Securities LLC